IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| MARIO MERCED MUNOZ, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-10-CA-103-JN |
| | § | |
| RICK THALER, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable James R. Nowlin, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 9); and Petitioner's Response thereto (Document 10). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in cause number 12,169. Petitioner pleaded guilty to the offense of intoxication manslaughter. He was sentenced to 11 years imprisonment on January 18, 2007. Petitioner does not challenge his holding conviction. Rather, he challenges the Board of Pardons and Paroles' decision to deny him parole.[1]

Respondent asserts Petitioner has been reviewed for and denied release onto parole on one occasion. Petitioner filed an application for state writ of habeas corpus challenging the denial of parole. The Texas Court of Criminal Appeals denied the application without written order on February 2, 2010. Ex parte Munoz, Appl. No. 73,320-01 at cover.

**B.     Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      Parole procedures violate due process, because erroneous information may be utilized in the decision-making process;

2.      The Parole Board has failed to show Petitioner is a danger and is unjustly using his conviction in order to detain him;

---

[1] In his application for habeas corpus relief and his memorandum in support attached to his application Petitioner confuses the terms "parole" and "mandatory supervision." This is likely caused by Petitioner's use of a form habeas corpus application and memorandum in support that have recently been filed in numerous cases in the Austin Division by inmates confined in the Lockhart Work Facility. In Petitioner's case the Court will only address Petitioner's claims as they relate to parole, because Petitioner has not yet been considered for discretionary mandatory supervision release. Attached as Exhibit A to Petitioner's memorandum is a time sheet reflecting Petitioner will be eligible for mandatory supervision on approximately November 29, 2010. To be released onto mandatory supervision, an inmate's time credits and calendar time must equal the full term of his sentence. TEX. GOV'T CODE ANN. § 508.147(a) (West 2005).

3. The denial notice is insufficient;

4. The Parole Board violated Petitioner's due process rights by denying him parole when he had pre-parole status and a presumptive parole date; and

5. The Board is politically pressured to deny release to inmates convicted of intoxication manslaughter.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct.

1495, 1523 (2000)).  The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.  See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  See 28 U.S.C. § 2254(e)(1).  While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence.  See id.  Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings.  See id. § 2254(d)(2).

**B.     Parole**

Petitioner makes various claims that his due process rights have been violated with respect to the denial of parole.  However, the United States Constitution does not create a liberty interest in parole.  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause.  Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).  Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures.  Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due

process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Regardless of when and how often inmates seek parole review, they are never kept in prison beyond their maximum sentence date. Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31.

Petitioner's argument concerning a presumptive parole date is also groundless. Pre-parolee status does not transform a parole date into a protected liberty interest. Gonzalez v. Quarterman, No. 4:07-CV-478-A, 2008 WL 3413136, at *2 (N.D. Tex. Aug. 11, 2008). As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context where there is actually a protected interest at state. See Boss v. Quarterman, 552

F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from the Parole Board's Directives.").

To the extent Petitioner claims his right to due process has been denied because the Board is under political pressure to deny release to inmates convicted of intoxication manslaughter he is not entitled to relief. Mere conclusory statements on the part of a petitioner do not raise a constitutional issue in a habeas case. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus (Document 1) be denied

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court

rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of April, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE